**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-6283**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

DEANDREW LAMONT CARTER,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Henry E. Hudson, District Judge.  (3:08-cr-00527-HEH-1; 3:11-cv-00212-HEH)

Submitted:  May 21, 2015          Decided:  May 27, 2015

Before MOTZ, KING, and WYNN, Circuit Judges.

Dismissed by unpublished per curiam opinion.

DeAndrew Lamont Carter, Appellant Pro Se.  Angela Mastandrea-Miller, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

DeAndrew Lamont Carter seeks to appeal the district court's order denying relief on his 28 U.S.C. § 2255 (2012) motion. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

When the United States or its officer or agency is a party, the notice of appeal must be filed no more than sixty days after the entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." Bowles v. Russell, 551 U.S. 205, 214 (2007).

The district court's order was entered on the docket on September 24, 2013. The notice of appeal was filed on January 21, 2015.[*] Because Carter failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented

---

[*] For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the court. Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266 (1988).

in the materials before this court and argument would not aid the decisional process.

<u>DISMISSED</u>
